Nicholson, C. J.,
delivered the opinion of the court.
This is an action for false imprisonment, commenced in the Circuit Court of Knox county by A. J. Taylor against William Girdner, and eight others. The declaration avers that defendants arrested or procured *245 to be arrested, the plaintiff, and that he was illegally held under arrest for one hundred days. The plea was “ not guilty.”
The evidence shows that Taylor was arrested by a squad of rebel soldiers, under the command of Capt. Fry and Lieut. Rumbough, and that soon after the arrest defendants, who were citizens, were seen in company with the soldiers having plaintiff as a prisoner. No active participation of the defendants • in the arrest, or in guarding the plaintiff as a prisoner was shown, but their guilt was sought to be inferred from their presence, some having arms, and from their manifesting no dissent from the detention of plaintiff as a prisoner, and from the fact that they were rebel sympathizers. The defense sought to be made by defendants was, that they were citizens living in the neighborhood ; that a rumor had reached them at their homes on the morning of the day of the arrest that Capt. Fry and his men were committing depredations, burning houses, taking stock, insulting women, &c., in a section of the neighborhood known as Germany; that they hastened to the place where the depredations were said to have been committed, for the purpose of finding Capt. Fry, and using their influence with him to cease his violent measures; that when they found him, he had already arrested plaintiff, and that they were present for no other purpose than to stop the depredations and violence of Capt. Fry and his men. To sustain this defense, defendants offered the depositions of Devault and others, who stated they were in company with defendants on the morning of the arrest, *246 and that they “went over there on a report that they (Fry and his squad) were burning houses, and that there was great distress among women and children.” Devault said, “I am not certain that the report was that they were burning up women and children. Mr. Link (one of the defendants) came along and we thought we would go over there and see, and so we started.” This evidence was objected to by the plaintiff and excluded by the court. This was erroneous. The competency of the evidence is obvious: 1 Greenl., s. 101. But it is argued that it was properly rejected because of its irrelevancy. To assume that the evidence was irrelevant, is to assume the fact that the defendants after reaching the place of the arrest changed the purpose with which they went there, and became active participants in the illegal proceeding, and because they did so actively participate, that it was irrelevant to show the innocent purpose with which they went to the place. This was an infringement of the province of the jury, whose business it was to determine the fact whether the defendants went with an innocent purpose, and if so, whether they afterwards changed that purpose and became guilty participants in the illegal arrest and imprisonment. The evidence was not only relevant but material to the issue. The charge of the Judge on the subject of damages was erroneous. He told the jury that “they were the exclusive judges of the amount of damages, and might allow any sum they might agree upon, not exceeding the amount claimed in the declaration.” While it is true that the jury is the exclusive *247 judge as to the amount of damages, yet in ascertaining this amount they are bound to be governed by the evidence, and not by their mere discretion uninfluenced by the facts in proof. It was error to leave the jury to follow their • own passions, or prejudices, or preferences, or sympathies, without regard to the damages as indicated by the evidence.
For these ^errors the judgment is reversed.